

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. F. Mitchell, Chairman
Texas State Board of Registration for
Professional Engineers
Austin, Texas

Dear Sir:

Opinion No. O-5465

Re: Under provisions of S.
B. 199, Forty-eighth
Legislature, can the
Board of Registration
for Professional Engineers
invest unused funds in
United States War Bonds?

We are in receipt of your communication of
July 17, 1943, in which you have called attention to
the Act of the Legislature by which your Board was
created, S. B. 74, Acts of the Regular Session, Forty-
fifth Legislature, and have propounded the question for
our opinion as to whether under the provisions of S. B.
199, passed by the Forty-eighth Texas Legislature, your
Board can invest unused surplus funds which have been de-
rived solely from the collection of registration fees and
renewal fees from Registered Professional Engineers, in
United States War Bonds.

Section 1 of S. B. 199, supra, provides as
follows:

"That where the State of Texas has hereto-
fore or hereafter accumulated funds for certain
purposes and is unable to obtain labor or mater-
ials to carry out such purposes, such funds may
be invested in defense bonds or other obligations
of the United States of America; provided, however,
that when war time or any other regulations shall
permit the State to acquire the necessary labor
and materials, the obligations of the United States
in which said funds are invested shall be sold or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

redeemed and the proceeds of said obligations
shall be used for the purpose for which the
funds were originally authorized or collected."

The purpose of S. B. No. 199 is clearly expressed
in Section 1 thereof. It authorizes any department of the State
government which has heretofore or may hereafter accumulate funds
for a certain purpose, involving the employment of labor or the
purchase of materials, to invest such accumulated funds in Defense
Bonds or other obligations of the United States when it is unable
to carry out such purpose because of inability to obtain the neces-
sary labor or materials.

A careful examination of S. B. No. 74, especially
Section 9 thereof, Article 3271a, Vernon's Civil Statutes, has
led us to the conclusion that none of the funds now in the State
Treasury to the credit of the "Professional Engineers' Fund,"
or which may hereafter be credited to said fund, were or will
be accumulated for any purpose other than for the administration
of said statute. There is nothing in the statute that even in-
dicates that the Board may accumulate money collected under its
terms for any purpose involving the employment of labor or the
purchase of materials, such as is contemplated by the provisions
of S. B. 199.

The Forty-eighth Legislature made an appropriation
to your Board in the sum of $60,000, effective September 1, 1943,
"out of funds now on hand for the creation of a library for the
Registered Professional Engineers of Texas. No part of this fund
shall be expended for a building." There are other limitations
or restrictions governing the expenditure of this appropriation
with which we are not here concerned.

It is apparent that none of "the funds now on hand"
were accumulated for the purpose of establishing a library or
libraries, for the reason that such a purpose is not authorized
by S. B. No. 74, nor by any other statute that we have been able
to find. Since the above mentioned appropriation is limited to
"funds now on hand" and were not accumulated for the establish-
ment of a library or libraries, it does not come within the terms
of S. B. 199.

From what we have said, it necessarily follows that your question must be answered in the negative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 31 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

Eugene M. Catlett
Assistant

ENC:EP

APPRO
OPINI
COMM
BY
CHAIR